IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 11, 2005

## KENNETH B. WHITE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27672      Joseph B. Dailey, Judge**

---

**No. W2004-00653-CCA-R3-CO  - Filed February 17, 2005**

---

The petitioner challenges the trial court's denial of a delayed appeal by which to present his petition for writ of error *coram nobis*. Upon review of the record, we conclude that the petitioner's due process right to appeal was not violated simply because he failed to take action to secure representation. The record reflects that the petitioner was not declared indigent and that the onus in obtaining representation rested with him. His *coram nobis* petition was outside the applicable statute of limitations and was properly dismissed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; William L. Gibbons, District Attorney General; and Theresa McCusker and Steven Jones, Assistant District Attorneys General, for the appellant, State of Tennessee.

James E. Thomas (on appeal) and Lee Gerald (at trial), Memphis, Tennessee, for the appellee, Kenneth B. White.

## OPINION

Facts and Procedural History

The petitioner, Kenneth B. White, was convicted by a jury of vehicular homicide on January 29, 1999. He was sentenced to twelve years as a Range I, standard offender. He then filed a motion for new trial, which was denied by the trial court. Four and a half years later, the petitioner filed a *pro se* petition for writ of error *coram nobis*. The trial court subsequently appointed counsel, and an amended petition was filed. Following two hearings to determine the appropriateness of a delayed appeal, the trial court denied the petition. The petitioner now appeals to this Court, averring

that the trial court erred in denying the petition because his due process right to appeal was violated when trial counsel failed to appeal his case after the petitioner requested that he do so.

During the hearing on the motion for new trial, trial counsel questioned the petitioner on his desire to appeal. The petitioner was initially questioned regarding his income stemming from Social Security disability. In response, the petitioner stated that he received $800 a month in disability, but stated that he "wasn't sure" if he would continue to receive the check once incarcerated. Further, the petitioner responded affirmatively when asked if counsel had informed him of the right to appeal and of the costs that would be involved. When asked if he wanted to pursue an appeal, the petitioner responded,

> Well, Your Honor, at this time I'm not concerned about getting it appealed. I just really want to go to my destination and go to the Department of Corrections at the nearest convenience so that I can start doing some time that I've been granted and that I may received [sic] some alcohol and drug program treatment.

At that point, the court noted its concern that the petitioner's statements might be construed as a waiver of his appeal. Upon further questioning by counsel, the petitioner stated that he did not intend to waive his right to appeal by his earlier statement and that he wanted to appeal. On cross-examination, the petitioner admitted that he received approximately $300 each month as income from an annuity, in addition to his disability payment, for a total of $1100 in monthly total income.

In denying the motion for new trial, the trial court found that it could not appoint counsel to the petitioner due to the amount of his monthly income. The court further noted that even if his disability check was discontinued, the annuity payment alone would be sufficient to make incremental payments on the petitioner's legal costs. The court also rejected trial counsel's request that the court order the funds paid toward to the costs of appeal, noting that, "[the representation is] something between you and him as to whether or not he's going to go forward with his appeal and whether he's willing to take his money that he's receiving and pay for that." Finally, the court denied counsel's motion to withdraw.

Some four and a half years later, on September 10, 2003, the petitioner filed a *pro se* petition for writ of error *coram nobis*, alleging that the proximate cause of the victim's death was a defective "T-top" hatch on her automobile. He further stated that he believed the State knew of these defects but failed to inform him of them at the time of trial. He further explained the delay in his petition by stating that he had only recently learned that trial counsel had failed to file an appeal on his behalf. The State responded on October 1, 2003, demanding proof of the allegations contained in the petition and requesting that the trial court appoint counsel to review the petition and file an amended petition if necessary. The trial court appointed counsel to the petitioner that same day.

On December 10, 2003, newly appointed counsel filed an amended motion styled "motion to file out of time motion for error *coram nobis*." In the motion, the petitioner stated that he made his desire to appeal known during the hearing on his motion for new trial and in a conversation he had with counsel following the hearing. However, counsel failed to file the appeal.

On December 15, 2003, a hearing was held to determine whether or not the petitioner should be granted a delayed appeal by which to present his claims. Upon hearing arguments from both counsel, the trial court determined that a full hearing was necessary to determine whether or not the petitioner's due process right to appeal had been violated by trial counsel's failure to file an appeal on the petitioner's behalf. The trial court also requested that amended pleadings be filed to allege with more specificity the claims sought to be presented.

In his amended motion, the petitioner argued that strict application of the statute of limitations would deny him due process. He further stated that if it was discovered that the petitioner was unable to pay, it was counsel's duty to inform the court of that fact. The State responded that the petitioner failed to assert that an agreement had been reached to pursue the appeal. Rather, the State argued, the petitioner merely asserted that he stated his desire to appeal during the motion for new trial hearing. Further, the State averred that, according to the transcript from the motion for new trial, the trial court did not declare the petitioner indigent, noted the time constraints on the appeal, and indicated that it was the petitioner's responsibility to make arrangements with counsel regarding representation.

On January 16, 2004, a full hearing was held in which both the petitioner and trial counsel testified. On direct examination, the petitioner stated that, following the hearing on the motion for new trial, he expressed to trial counsel his desire to go forward with an appeal. He further stated that, although he was unable to pay counsel at that time, it was his understanding that the appeal would go forward and would be filed by counsel. On cross-examination, the petitioner admitted that he had a monthly income of $1100 at the time of the motion for new trial. He further testified that he told counsel he would pay him "the best way [he] could," but admitted that he never spoke to counsel again after that conversation and never made a payment to him. The petitioner also admitted that he was made aware of the appeal deadlines by both the trial court and counsel. On re-direct, the petitioner stated that his disability check was discontinued after he was retained in state custody and that he was unsure as to whether he still received the annuity check.

Trial counsel then testified that he discussed with the petitioner his right to appeal, the fee involved, and the time constraints on filing. Counsel further stated that the petitioner indicated before the motion for new trial that he did not want to appeal the case. Moreover, he stated that after the motion for new trial, the petitioner reiterated that he did not want to spend any more money pursuing his appeal and that he wished to serve the sentence issued. Finally, counsel stated that after their meeting following the motion for new trial, he heard nothing further from the petitioner or his family. On cross-examination, counsel admitted that he did not ask the petitioner to sign an affidavit indicating that he did not wish to pursue an appeal.

Following the hearing, the court credited the testimony of trial counsel and found that the petitioner waived his right to appeal. The court noted that the petitioner was advised by the trial court of his right to appeal, the time limits involved, the need to hire an attorney, and that he was not entitled to the appointment of an attorney because of his income. The court further noted that the petitioner made no effort to retain another attorney or purchase the transcript. Furthermore, while

the court acknowledged that no written waiver was signed, it concluded that all issues normally addressed in a waiver were discussed fully at the hearing on the motion for new trial.

The court also found that the petitioner did not allege that he received any assurances the appeal would be filed. To the contrary, trial counsel made it known that he did not want to be financially responsible for the appeal if the petitioner did not pay, and it appeared from the testimony that the petitioner did not desire to spend any more money on his case. The court concluded that trial counsel had no responsibility for the appeal after the petitioner failed to take steps to ensure representation. On appeal, the petitioner contends that the trial court erred in denying his delayed appeal. The State avers that the post-conviction court erred in not dismissing the petition as outside the statute of limitations; alternatively, it asserts that the court properly denied the delayed appeal.

Analysis

Trial courts may grant a criminal defendant a new trial following a judgment of conviction under limited circumstances through the extraordinary remedy offered by a writ of error *coram nobis*. Tenn. Code Ann. § 40-26-105; State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error *coram nobis* may be granted where the defendant establishes the existence of newly discovered evidence relating to matters litigated at trial if the defendant shows he was without fault in failing to present the evidence at the proper time and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. Tenn. Code Ann. § 40-26-105; Mixon, 983 S.W.2d at 668. Finally, the one-year *coram nobis* statute of limitations begins to run either thirty days after the entry of judgment, if no post-trial motion is filed, or upon entry of an order disposing the post-trial motion, if filed. Mixon, 983 S.W.2d at 661.

In the present case, the petitioner avers that the *coram nobis* statute of limitations should be tolled due to a violation of due process. We note, as did the post-conviction court, that the petitioner was advised of his right to an appeal, his responsibility in obtaining counsel, and the time limitations in filing an appeal. Further, the petitioner admitted that he failed to contact trial counsel or make a payment toward his appeal after their conversation following the hearing on the motion for new trial. Finally, the petitioner fails to allege that he received assurance that his appeal would be filed by trial counsel. The court made it clear that the onus in obtaining counsel rested with the petitioner, due to his income and his lack of financial responsibility. We therefore conclude that the petitioner's due process right to appeal was not violated simply because he failed to take action in securing representation for his appeal. As such, we hold that the petitioner was outside the applicable statute of limitations for *coram nobis* relief and that the petition was properly dismissed. We affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE